1  JAMES M. MORRIS - SBN 48365
   3031 West March Lane, Suite 239 West
2  Stockton, California  95219-6568
   Telephone:  (209) 477-6430
3  Facsimile: (209)  477-3450
   E-mail: jmmorris@morris-nakaue.com
4
   Attorney for Defendant, California Ammonia Co.
5

6

7                   UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10 CALIFORNIA SPORTFISHING PROTECTION        NO.  2:05-CV-00952-WBS-JFM
                                          )
11 ALLIANCE, a non-profit corporation,    )   **EX PARTE APPLICATION FOR**
                                          )   **RELIEF FROM SCHEDULING**
12                        Plaintiff,       )   **ORDER, MEMORANDUM OF**
                                          )   **POINTS AND AUTHORITIES AND**
13 vs.                                     )   **DECLARATION IN SUPPORT**
                                          )   **THEREOF AND** ~~PROPOSED~~ **ORDER**
14 CALIFORNIA AMMONIA COMPANY, dba         )      **[Fed. R. Civ. P. 60(b)(1)]**
   CALAMCO, a non-profit corporation,      )
15                                         )   **Hearing:       December 11, 1006**
                          Defendant.       )   **Time:          11:00 a.m.**
16 _____)  **Honorable Judge William B. Shubb**
   /
17
           Defendant California Ammonia Company ("Calamco") applies ex parte pursuant to
18
   Rule
19
   60(b)(1) of the Federal Rules of Civil Procedure for an order relieving defendant from the
20
   November 1, 2006 time limit for bringing motions for summary judgment contained in this
21
   Court's Order of August 4, 2005, so that defendant may augment its Motion for Summary
22
   Judgment Or In The Alternative Summary Adjudication, which was filed on October 18,
23
   2006.  The hearing on that motion is scheduled for December 11, 2006.  The proposed
24
   augmentation consists of applying the arguments defendant put forth in its motion for
25
   partial summary judgment as to plaintiff's First Cause of Action to plaintiff's Fourth Cause
26
   of Action.  A copy of the proposed amended Motion is attached as Exhibit "A".  Those
27
   portions of the amended Motion that differ from the original motion are highlighted in
28
   yellow.

                                           1
   _____

1  Leave to file the augmented motion should be granted because, as shown by the

2  Declaration of James Morris, counsel for defendant Calamco, the failure to include the

3  Fourth Cause of Action in the original filing was caused by mistake, inadvertence, or

4  excusable neglect within the meaning of Rule 60(b)(1) of the Federal Rules of Civil

5  Procedure.

6

7  Dated: November 9, 2006.                    /s/ James M. Morris

8  Defendant                                   JAMES   M.   MORRIS,   Attorney   for

9                                              California Ammonia Company

10

11  **MEMORANDUM OF POINTS AND AUTHORITIES**

12  Rule 60(b)(1) of the Federal Rules of Civil Procedure provides for relief from a

13  judgment or order on the ground of mistake, inadvertence, or excusable neglect.  Primarily

14  the rule is invoked in order to set aside a default judgment.   In the present case all

15  defendant seeks is relief from the time limit imposed by this Court's order of  August 4,

16  2005 , requiring that all motions for summary judgment or summary adjudication in the

17  above-captioned case be filed  by November 1, 2006, so that defendant may add the

18  Fourth Cause of Action to its motion for summary adjudication.

19  There will be no prejudice to plaintiff for two reasons: First, the legal arguments with

20  respect to the Fourth Cause of Action are the same as those already included in the motion

21  directed to the First Cause of Action; there are no additional points and authorities to which

22  plaintiff must respond.  Second, plaintiff was advised by defendant on November 2, 2006

23  – just one day after the November 1 time limit had passed – that defendant had

24  inadvertently failed to include the Fourth Cause of Action in its motion and in Section IV.3

25  of its supporting Memorandum of Points and Authorities.  This motion is not scheduled to

26  be heard until December 11, 2006, with  plaintiff's response not due until November 22,

27  2006.

28  The court has discretion to grant the defendant's motion.  Generally, in such a case,

relief has been granted.  In *Sierra Club v. Union Oil Co. of California,* 813 F.2d 1480 (9th

2

1   Circuit 1987) the court held that a delay in offering an amendment to a complaint did not

2   justify denying leave to amend where the defendant was on notice of facts contained in the

3   amendment, and thus was not prejudiced, citing *William Inglis & Sons Baking Co. v. ITT*

4   *Continental Baking Co.,* 668 F.2d 1014, 1053 (9th Cir. 1981) and *Buder v. Merrill Lynch,*

5   *Pierce, Fenner & Smith,* 644 F.2d 690, 694 (9th Cir. 1981).  Cases where relief has not

6   been granted present more serious instances of neglect than the one at issue here. See,

7   for example, *Northwest Environmental Advocates v. U.S.E.P.A.,* 268 F. Supp.2d 1255 (D.

8   Oregon 2003).  There leave to amend a complaint was denied where the motion was filed

9   four months after motions for summary judgment were filed, five weeks after the

10  completion of briefing, the new claims were not related to the current pleadings, and the

11  amendment would vastly expand the scope of the litigation.

12       Here, defendant is seeking leave to add a cause of action to its motion for summary

13  adjudication, but is not seeking leave to add additional grounds or authorities.  Since

14  plaintiff was advised on November 2, 2006, that defendant wished to include the Fourth

15  Cause of Action in its motion already filed, and indeed on November 6, 2006 was sent the

16  exact the wording that defendant wished to add to the motion, there can be no claim of

17  prejudice.

18       Further, because the legal arguments with respect to the allegations contained in

19  the First and Fourth Causes of Action are the same, it is a matter of judicial economy to

20  allow defendant to include the Fourth Cause of action in its motion.  Because the two

21  causes of action are so similar –  the First alleges unlawful non-stormwater discharges,

22  and the Fourth alleges unlawful discharges of contaminants – a decision by this court with

23  respect to the legal issues involved in the First Cause of Action will of necessity apply to

24  the Fourth, as a ruling on partial summary judgment is the rule of the case for the issues

25  decided.  See *United States v. Horton,* 622 F.2d 144 (5th Cir. 1980).

26       Because the inadvertence committed by defendant is minor; because there is no

27  pattern of inadvertence or neglect by defendant's counsel; because no additional facts,

28  arguments, or authorities involved in the augmentation of its motion as sought by

EX PARTE APPLICATION FOR RELIEF FROM SCHEDULING ORDER

[L: Mtn for Relief.JMM.11/21/06]                                    Case No. 2:05-CV-00952-WBS-JFM

1  defendant; because relief is sought so soon after the passing of the deadline set out in the

2  court's order; because there is no prejudice to the plaintiff; and because in any event as

3  a matter of law the court's ruling on the First Cause of Action would be the law of the case

4  with respect to the First Cause of Action,

5  / / / / /

6  / / / / /

7  defendant Calamco seeks the permission of this court to file the revised Motion as

8  attached hereto.

9      Dated: November 9, 2006.          /s/ James M. Morris

10                 JAMES M. MORRIS, Attorney for Defendant

11                    California Ammonia Company

12

13  **DECLARATION OF JAMES M. MORRIS IN SUPPORT OF MOTION FOR RELIEF**

14      I, James M. Morris, declare:

15      1.     I am licensed to practice before the above-entitled Court and as such am

16  counsel for defendant herein.  I make this declaration based on my personal knowledge,

17  and if called upon as a witness would and could testify competently to the matters stated

18  herein.

19      2.     As counsel for defendant I had always intended to move for partial summary

20  judgment on both the First and Fourth Causes of Action, as both causes allege unlawful

21  discharges under the Clean Water Act, and the legal arguments with respect to why

22  summary judgment should be granted on the two causes of action are the same.

23      3.     The arguments with respect to the First Cause of Action are the same as for

24  the Fourth Cause of Action.  Defendant has no additional arguments with respect to the

25  Fourth Cause of Action.  No additional declarations or statements of undisputed facts are

26  necessary.  No additional points and authorities are necessary.  What applies to the First

27  applies to the Fourth.

28      4.     Somehow, in formulating the arguments and putting the motion together, I

4

1  neglected to include the Fourth Cause of Action in defendant's motion and in Section IV.3

2  of its Memorandum of Points and Authorities in support thereof.

3      5.    This is a large and complicated action, which has been diligently litigated by

4  both sides.  This is the first and only such inadvertence committed by defendant in this

5  action.

6      6.    Defendant's motion, already filed, is meritorious with respect to the First

7  Cause of Action.   Since the allegations in plaintiff's Fourth Cause of Action are

8  substantially the same as in the First, giving rise to the same legal arguments – that in both

9  plaintiff has failed to allege or offer facts to prove what the "receiving water" is, a necessary

10  element for liability under the Clean Water Act, and that plaintiff has failed to allege that

11  exceedances of pollutants have occurred in the receiving water – defendant's motion as

12  applied to the Fourth Cause of Action is meritorious as well.

13     7.    Motions for summary judgment under this Court's order were due on

14  November 1, 2006.  Defendant filed its on October 18.   On November 2, 2006, I realized

15  that the Fourth Cause of Action had not been included in the motion filed October 18,

16  2006, , and advised plaintiff by letter dated November 2, 2006, both that this inadvertence

17  had occurred and that the grounds for the motion and the arguments in support thereof

18  were the same as to the Fourth as they were as to the First.  Attached hereto as Exhibit

19  "B" is a true and correct copy of that letter.

20     8.    I spoke with counsel for plaintiff on Monday, November 6, 2006. I explained

21  what had occurred and asked that plaintiff stipulate to allow defendant to supplement its

22  motion.  I then sent a proposed stipulation to plaintiff's counsel.  A true and correct copy

23  of my e-mail message and the proposed stipulation are attached hereto as Exhibit "C".

24  Plaintiff's counsel declined to stipulate, necessitating this application.

25     9.    Plaintiff will not be prejudiced by the supplement.  It need not respond to any

26  further declarations or points of law.  On the other hand, defendant will be prejudiced if its

27  counsel's inadvertence does not allow it to argue the same points of law pertaining to both

28  the First Cause of Action and the Fourth Cause of action.

[L: Mtn for Relief.JMM.11/21/06]                              Case No. 2:05-CV-00952-WBS-JFM

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct and that this declaration was executed this 8th day of

3    November, 2006, at Stockton, California.

4                                                                  /s/ James M. Morris
     _____

5    _                                      JAMES M. MORRIS, Declarant

6

7                                          **ORDER**

8        Based upon the foregoing Application and Declaration of James M. Morris, plaintiff

9    having taken no position on defendant's request, and good cause appearing, it is ordered

10   as follows:

11       Defendant, California Ammonia Co., may augment   its Motion for Summary

12   Judgment Or In The Alternative Summary Adjudication in the manner set forth in Exhibit

13   "A" to the Declaration of James M. Morris set forth above.

14       Dated:  November 21, 2006

15

16                        WILLIAM B. SHUBB
                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28