UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA AMMONIA COMPANY d/b/a CALAMCO, a non-profit corporation,<br><br>    Defendant. | NO. CIV. S-05-0952 WBS JMF<br><br>ORDER RE: MOTION FOR CERTIFICATION OF ORDER FOR APPEAL |

----oo0oo----

Plaintiff California Sportfishing Protection Alliance ("CSPA") filed this action against defendant California Ammonia Company d/b/a Calamco ("Calamco") alleging four causes of action under the Federal Water Pollution Control Act, commonly known as the Clean Water Act, 33 U.S.C. §§ 1251 et seq. ("CWA" or "Act"). Currently before the court is defendant's motion requesting the court to certify its order of January 26, 2007, denying defendant's motion for summary judgment, for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

1

Orders denying motions for summary judgment are not ordinarily final decisions from which appeal may be taken under 28 U.S.C. § 1291. <u>Oppenheimer v. Los Angeles County Flood Control District</u>, 453 F.2d 895 (9th Cir. 1972). However, under 28 U.S.C. § 1292(b), "[w]hen a district judge, in making in a civil action an order not otherwise appealable under [section 1292], shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." When the district judge so states, it is then up to the Court of Appeals, in its discretion, to determine whether to permit an appeal to be taken from that order. <u>Id.</u>

This court is therefore called upon to determine whether its otherwise unappealable order: 1) involves a controlling question of law as to which (2) there is substantial ground for difference of opinion and that (3) an immediate appeal from the order may materially advance the ultimate outcome of the litigation. 28 U.S.C. § 1292(b); <u>In re Cement Antitrust Litig.</u>, 673 F.2d 1020, 1026 (9th Cir. 1982).

First, almost by definition, all motions for summary judgment sufficiently involve a controlling question of law in the sense that deciding the issue in favor of the moving defendant would likely dispose of the case or materially affect the outcome of litigation. <u>In re Cement Antitrust Litigation</u>, 673 F.2d at 1026 ("all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal

2

could materially affect the outcome of litigation in the district court." (<u>citing</u> <u>United States Rubber Co. v. Wright</u>, 359 F.2d 784, 785 (9th Cir. 1966)(per curiam))).  This case is no exception.  The question of law raised by defendant, whether any additional criterion must be considered when invoking waste treatment system exemption aside from the issuance of a valid National Pollutant Discharge Elimination System (NPDES) permit, would dispose of this action if decided in its favor.

Second, in most seriously contested summary judgment motions there is substantial ground for a difference of opinion.  Filing a motion for summary judgment involves the expenditure of substantial attorney time and client resources.  Such motions are not generally pursued by competent attorneys unless there is a substantial basis to believe they may be granted.  This case, again, is no exception.  The Court of Appeals does not always agree with the opinions of the district courts on the issues of law determinative to summary judgment motions.  In this case, as in most others, there is substantial ground for a difference of opinion

Third, whether an immediate appeal would materially advance the ultimate outcome of this litigation depends, of course, on whether the appeal is successful.  If it is, the effect will be to most likely terminate this litigation altogether.  Thus, a strong argument can be made that an immediate appeal from this court's order "may" materially advance the ultimate outcome of this litigation.  However, the same could be said in practically every case where a district court has denied a dispositive motion for summary judgment.

As can readily be seen, if that were all that there was to the analysis, the district courts would authorize appeals from just about every denial of a motion for summary judgment. But there is more to the analysis than that. The Supreme Court has construed the 1958 amendments to section 1292(b) "to confer on district courts first line discretion to allow interlocutory appeals." Swint v. Chambers County Comm'n, 514 U.S. 35, 47 (1995). The Ninth Circuit further tells us that section 1292 is to be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement, 673 F.2d at 1026 (citing United States Rubber Co., 359 F.2d at 785).

Here, discovery will close November 30, 2007. The trial set to commence June 24, 2008. Counsel disagree on the length of trial. Plaintiff estimates two to three days, whereas defendant estimates one or two weeks. The parties also disagree on the number of witnesses and the amount of work involved in preparing for the trial. While permitting an interlocutory appeal could avoid protracted and expensive expert discovery and other litigation-related expenses, it could also require a continuance of the trial date and result in two separate appeals. Put simply, if we knew that defendant would be successful, certifying the issue for interlocutory appeal would result in the saving of considerable time and expense; but if plaintiff does not appeal it will only result in the considerable loss of time and additional expense.

Because these problems occur whenever a district court grants an interlocutory appeal, it is important that a district

4

1  court only grant such motions in exceptional circumstances.  In
2  re Cement, supra.  This case does meet that high threshold.
3  There does not appear there will be any undue burden on the
4  parties or potential witnesses in preparing this case for trial
5  and trying it as scheduled.  The court cannot conclude from the
6  representations of counsel that the costs of preparing the case
7  for trial from this point forward will be any greater than in the
8  typical case.  If plaintiff prevails at trial, the issues it
9  seeks to raise on appeal will be moot.  If, on the other hand,
10 defendant prevails at trial, plaintiff may raise the issues now
11 sought to be appealed along with any other appealable issues
12 resulting from the trial in one single appeal.
13         IT IS THEREFORE ORDERED that defendant's motion to
14 certify this court's January 26, 2007, order for interlocutory
15 appeal be, and the same hereby is, DENIED.
16 DATED:  June 19, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5